Filed 8/27/24  Khan v. State of California CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MOBARZA KHAN,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>  Defendant and Respondent. | F083096<br><br>(Super. Ct. No. BCV-20-102645)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Mobarza Khan, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Jodi L. Cleesattle, Catherine Woodbridge, and Andrew F. Adams, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

Plaintiff and appellant Mobarza Khan sued respondent and defendant State of California, but apparently failed to properly comply with the government claims requirements imposed by statute.  The court sustained a demurrer on that ground, and we affirm.

## FACTS

In an amended complaint filed March 12, 2021, plaintiff sued defendant, checking the boxes on Judicial Council Form PLD-PI-001 indicating she was asserting claims for general negligence, and intentional tort. She also wrote that she had causes of action for "gross breach of duty, undue influence & conflict of interest, right to life, false imprisonment and isolation, assault and battery, intentional affliction [*sic*] of emotional distress, invasion of privacy, [and] violation of civil rights." The complaint did not have substantive allegations to support these claims, though it does mention that plaintiff "fear[s]" for her life "from Kamala Harris and her allies like Nancy…." The complaint acknowledge that plaintiff was required to comply with a claims statute and alleges she did so.

On April 12, 2021, defendant filed a demurrer on the grounds that plaintiff had failed to file a government claim before initiating the civil lawsuit. Defendant sought and obtained judicial notice of a government claim filed by plaintiff, and a responsive letter from the Department of General Services (DGS) dated November 18, 2020. The letter from DGS notified plaintiff that her claim was not accompanied by the requisite $25 fee (or a fee waiver request).

In her opposition, plaintiff claimed she paid the fee and accused the state government of "manipulat[ing] facts to protect Office of AG and Kamala's allies." Plaintiff claimed she refiled the government claim form with the $25 fee dated March 12, 2021.

On May 17, 2021, the court sustained the demurrer without leave to amend on the grounds plaintiff failed to comply with the government claims requirements. Plaintiff appeals.

## DISCUSSION

" ' "The purpose of a demurrer is to test the sufficiency of a complaint by raising questions of law." ' [Citation.] 'We review an order sustaining a demurrer de novo,

2.

exercising our independent judgment as to whether a cause of action has been stated as a matter of law.' [Citation.]  In doing so, ' "[w]e assume the truth of the properly pleaded factual allegations, [and] facts that reasonably can be inferred from those expressly pleaded." [Citation.]  But we do not assume the truth of "contentions, deductions, or conclusions of law." [Citation.]  We liberally construe the complaint "with a view to substantial justice between the parties," drawing "all reasonable inferences in favor of the asserted claims." ' [Citation.]  'To survive a demurrer, the complaint need only allege facts sufficient to state a cause of action.' [Citation.]  '[B]ecause we are reviewing the trial court's ruling and not its reasoning, we may affirm on any ground supported by the record regardless of whether the trial court relied upon it.' [Citation.]

" 'When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." [Citation.]  Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action.' [Citation.]  'Where, however, amendment could not correct a deficiency in the complaint or where the action is barred as a matter of law, the demurrer is properly sustained without leave to amend.' [Citation.]  'The issue of leave to amend is always open on appeal, even if not raised by the plaintiff.' " (*Beverage v. Apple, Inc.* (2024) 101 Cal.App.5th 736, 746–747.)

" '[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.' " (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738.)  A government claim must generally be accompanied by a $25 fee (Gov. Code, § 905.2, subd. (c)) or a fee waiver request (*id*. at § 905.2, subd. (c)(3)).  Generally, failing to present a written claim to the public entity precludes a lawsuit for money or damages.  (*Id*. at § 954.4.)

3.

Here, the court took judicial notice of documents reflecting that plaintiff did not comply with the fee requirement. Consequently, it sustained the demurrer without leave to amend. We see no error.

Plaintiff claims she did pay the requisite fee. In support of her assertion, she cites to what appears to be a bank record. The document shows check No. 1096 and check No. 1099, but not check numbers 1097 or 1098. Plaintiff claims this shows she sent two checks to DGS. However, it shows nothing of the sort. The document is completely silent as to check numbers 1097 and 1098. It proves nothing and supports no relevant inferences. She claims DGS "purposely did not cash the check," apparently as part of California's "deep corruption" as well as "undue influence" being exerted by the Attorney General. These claims are not supported by citations to the record.

Plaintiff also asserts she re-sent the $25 fee, apparently in March 2021. This assertion is also unaccompanied by record citations. Even if it had been properly supported, it would not aid in plaintiff's situation because it would not be timely vis-à-vis the civil lawsuit.

Plaintiff's brief contains various other factual summaries and allegations without citation to the record and without any apparent relevance to the issues on appeal. We do not address them further.

## DISPOSITION

The judgment is affirmed. Costs shall be awarded to respondent.

                                                      POOCHIGIAN, J.

WE CONCUR:


HILL, P. J.


FRANSON, J.